**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**
_____

**DAHAN YITCHAK**,

                **Petitioner**,

        **v.**                                 **1:05-cv-1388
                                                   (GLS)**

**UNITED STATES OF AMERICA,**

                **Respondent**.
_____

**APPEARANCES:**                          **OF COUNSEL:**

**FOR THE PETITIONER:**

DAHAN YITCHAK
Plaintiff, *Pro Se*
Shaool king # 13
Givat-zeev
Jerusalem, Israel 90917

**FOR THE RESPONDENT:**

HON. GLENN T. SUDDABY          JAMES C. WOODS
United States Attorney for the      Assistant United States Attorney
Northern District of New York
James T. Foley U.S. Courthouse
445 Broadway, Room 218
Albany, New York 12207-2924


**Gary L. Sharpe
U.S. District Court**

## I. INTRODUCTION

Alien Dahan Yitchak ("Yitchak") brings this petition under 28 U.S.C. § 2255, moving to vacate, set aside or correct his sentence. For the reasons set forth below, the motion is denied.

## II. FACTS

Yitchak, an Israeli citizen, was deported from the U.S. on March 10, 2003, after committing various misdemeanors and felonies[1] within the Country over the course of approximately nine years. *See 04-cr-112 Compl., Dkt. No. 1.* On March 3, 2004, Yitchak attempted to enter the Country from Canada using a counterfeit Belgium passport, and was apprehended by a U.S. Customs and Border Protection Officer. *Id.* He was subsequently indicted by a federal grand jury, which charged him with illegal reentry after deportation in violation of 8 U.S.C. § 1326(a) & (b)(1). *See 04-cr-112 Indictment, Dkt No. 6.* Yitchak pled guilty to this charge on June 10, 2004, and was sentenced to thirty-seven (37) months

---

[1] Yitchak's criminal record includes arrests in Washington, Florida, and New York. He has been convicted of forgery, failure to redeliver property, illegal use of credit cards, and the felonies of carrying a concealed firearm and grand larceny. *See 04-cr-112 Compl., Dkt No. 1.*

2

imprisonment and three (3) years supervised release.[2]  *See Gov. Resp, Ex. 6, Pgs. 27-33, Dkt. No. 5; 04-cr-112 Jdgmt., Dkt No. 26.*

Yitchak thereafter filed a motion under 28 U.S.C. § 2255 to vacate, set aside or correct his sentence.  *Dkt No. 1.*  In essence, he asserts that he was denied effective assistance of counsel and that this court was biased against him.  *Id.*  In November of 2006, the court was informed that Yitchak had been released from prison and subsequently deported.  *See Dkt. No. 13.*

### III.  Discussion

Although the government has not raised a mootness argument, the court addresses the issue *sua sponte,* as a moot case or controversy will divest a court of jurisdiction.

Under § 2255 "[a] prisoner *in custody* ... claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws ... may move the court ... to vacate, set aside or correct the sentence." 28 U.S.C. § 2255 (1996) (emphasis added).  It is

---

[2] Because Yitchak's original deportation was subsequent to a conviction for a felony, his illegal reentry subjected him to a maximum sentence of up to ten years imprisonment and a 250,000 dollar fine.  See 8 U.S.C. § 1326(b)(1) (1996).

3

well established that while a prisoner must be in custody at the time a § 2255 petition is filed, his subsequent release alone will not dissolve the court's jurisdiction to address the matter.  *See Spencer v. Kemma*, 523 U.S. 1, 7 (1998) (stating as much with regard to § 2254 petitions); *Woo v. United States*, No. CV-00-2389, 2007 WL 3034210, at *4 (E.D.N.Y. Oct. 15, 2007) (same for §2255 petitions).  As such, the fact that Yitchak is no longer incarcerated has no bearing on the court's jurisdiction in the instant action, since the petition was filed while he was imprisoned.

That said, however, a released prisoner must still establish some residual collateral consequence of his sentence and conviction which remains despite his emancipation, and can be redressed by a decision in his favor.  *See United States v. Mercurris*, 192 F.3d 290, 293 (2d Cir. 1999); *Casler v. United States*, No. 5:04-CV-1157, 2005 WL 3088699, at *2 (N.D.N.Y. Nov. 17, 2005).  In the absence of such a showing there is no live case or controversy as required by Article III of the Constitution, and the case must be dismissed as moot.  *Mercurris*,192 F.3d at 293.

Common collateral consequences of conviction include a prohibition on voting, jury duty and engaging in certain professions.  *Carafas v. LaValle*, 391 U.S. 234, 237 (1968).  However, numerous courts have

4

recognized that such consequences do not apply to aliens, who are not entitled to these privileges of citizenship regardless of their criminal status. *See Woo*, 2007 WL 3034210, at *4; *Louise v. Costello*, No. 01-CV-3987, 2002 WL 1446618, at *2 (S.D.N.Y. July 2, 2002). A different sort of collateral consequence adheres to an alien's conviction in certain instances however, namely deportation and a subsequent inability to reenter the country. *See Swaby v. Ashcroft*, 357 F.3d 156, 160 (2d Cir. 2004).

Be that as it may, the entire case out of which Yitchak's objections arise was based on the illegality of his entry into this Country as a felon. *See Gov. Resp, Ex. 6, Pgs. 27-33, Dkt. No. 5.* Therefore, even if his current § 2255 petition was entirely successful and his conviction for illegal reentry were vacated, he would still be unable to legally enter the country because his past felony convictions, for which he was originally deported, remain. *See Woo*, 2007 WL 3034210, at *5. The court can therefore see no collateral consequence from Yitchak's illegal reentry conviction which could be redressed by a favorable decision, and his petition must accordingly be dismissed as moot.

**WHEREFORE**, for the foregoing reasons, it is hereby

5

**ORDERED** that Yitchak's petition (*Dkt. No. 1*) is **DISMISSED IN ITS IN ENTIRETY**; and it is further

**ORDERED** that the Clerk of the Court enter judgment and close this case; and it is further

**ORDERED** that the Clerk of the Court provide a copy of this Order to the parties by regular mail.

Dated:   November 2, 2007
           Albany, New York

*/s/ Gary L. Sharpe*
Gary L. Sharpe
U.S. District Judge